IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   _____

ASPEN SKIING COMPANY, L.L.C.

      Plaintiff,

      v.

O'BOS ENTERPRISES, L.L.C.

      Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

This is an action for trademark infringement and unfair competition based on Defendant's willful exploitation of Plaintiff's intellectual property rights in violation of the laws of the United States and the State of Colorado. Specifically, Defendant has willfully infringed Plaintiff's well-known trademarks, including the world-famous Aspen/Snowmass & Leaf Design –



– through its unauthorized and bad faith use of an infringing mark. Plaintiff brings claims for trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) and the common law of the State of Colorado, unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the State of Colorado, and deceptive trade practices in violation of the Colorado Consumer Protection Act, C.R.S. 6-1-101 *et seq.*, alleging as follows:

## PARTIES

1.       Plaintiff Aspen Skiing Company, L.L.C. ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Colorado with a principal place of business at 117 Aspen Airport Business Center, Aspen, Colorado, 81611.

2.       Upon information and belief, Defendant O'Bos Enterprises, L.L.C. ("O'Bos") is a limited liability company organized and existing under the laws of the State of Colorado with a principal place of business at 5 Murray Road Unit A5, Edwards, Colorado, 81632.

## JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction over the claims asserted under the Lanham Act pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b).

4.       This Court has supplemental jurisdiction over the remaining claims asserted in this Complaint pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy, and they are derived from a common nucleus of operative facts.

5.       This Court has personal jurisdiction over Defendant because Defendant is organized, resides, and has its principal place of business in this judicial district and because the infringing activities described below occurred in this district.

6.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

2

## PLAINTIFF'S BUSINESSES AND TRADEMARKS

7.      Plaintiff owns and operates Aspen Mountain, Aspen Highlands, Buttermilk, and Snowmass, four of the world's premier ski and snowboard resorts located in Pitkin County, Colorado.

8.      In addition to ski and snowboard resort services, Plaintiff offers and sells a wide variety of related goods and services, including but not limited to outdoor sports, recreational, and leisure services; hotel and hospitality services; real estate services; and clothing, gifts, ski and snowboard equipment, and other goods.

9.      Plaintiff owns many valuable trademarks that are important to its diverse business.  In relevant part, a portion of Plaintiff's goods and services are protected by a valuable portfolio of federal trademark registrations including:

a)      U.S. Reg. No. 2906128 for ASPEN in connection with "ski and snowboard resort services" and "summer resort services, namely resort restaurant and hotel services" in International Classes 41 and 42, and which was first used in commerce at least as early as 1947.

b)      U.S. Reg. No. 4333837 for SNOWMASS in connection with "Summer resort services, namely, providing recreational facilities for hiking, cycling, mountain biking, fishing, golfing, paragliding, tennis, climbing, camping; Providing outdoor live music; Ski and snowboard resorts" and "Summer resort services, namely, providing food and lodging" in International Classes 41 and 43, which was first used in commerce at least as early as 1964.

c)      U.S. Reg. No. 5399338 for SNOWMASS in connection with "refrigerator

3

magnets;" "Keychains;" and "Apparel, namely t-shirts, jackets, visors, hats, jackets, caps, buffs, sweatshirts and shirts" in International Classes 9, 14, 25, which was first used in commerce at least as early as 2007, 2012, and 2007, respectively.

d)      U.S. Reg. No. 3139989 for ASPENSNOWMASS in connection with "Retail stores featuring sporting goods, skiing and snowboarding gear and equipment, hiking and bicycling gear and equipment, clothing, clothing accessories, gloves, hats, t-shirts, gifts,   and eyewear," "Storage of skiing and snow boarding gear and equipment; bicycle and cycling accessories rental," and "Rental of skiing and snow boarding gear and equipment and sports equipment rentals" in International Classes 35, 39, and 43, which was first used in commerce at least as early as 2005.

e)      U.S. Reg. No. 2958232 for  in connection with "Clothing, namely t-shirts, underwear, pants, sweatshirts, hats, shirts, jackets, caps, scarves, neck gaiters, mittens, gloves, parkas, and sweatsuits," "Ski and snowboard resort services; summer resort services," and "Hotel and restaurant services, and cocktail lounge services" in International Classes 25, 41, and 43, which was first used in commerce at least as early as 2000.

f)      U.S. Reg. No. 5454139 for  in connection with "jewelry, watches, key chains as jewelry, key chains of precious metal; clocks; jewelry boxes" in International Class 14 which was first used in commerce at least as early as 2016.

g)      U.S. Reg. No. 2800199 for  in connection with

"ski resort services" in International Class 41, which was first used in commerce at least as early as 2000.

Attached as Exhibit A and incorporated by reference are true copies of printouts from the United States Patent and Trademark Office ("USPTO") website evidencing Plaintiff's ownership of these trademarks.  The registrations in Exhibit A are valid and subsisting.

10.     U.S. Reg. Nos. 2906128, 3139989, 2958232, 2800199, and 4333837 are incontestable under 15 U.S.C. § 1065.

11.     Plaintiff owns common law rights to the following design mark by virtue of long-standing and continuous use in commerce:



12.     Plaintiff owns common law rights to the following design mark by virtue of long-standing and continuous use in commerce:

13.     Plaintiff also owns common law rights to the marks listed in paragraph 9 by virtue of continuous use of the marks in commerce since as early as the dates listed above.  The trademark rights arising from the facts and activities set forth in paragraphs 7-13 are referred to collectively herein as the Aspen/Snowmass Marks.

14.     The Aspen/Snowmass Marks are used extensively in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of Plaintiff's

goods and services.

15.    Through long and widespread use, the Aspen/Snowmass Marks have become widely recognized by the public as brand identifiers for Plaintiff's goods and services and have developed extensive goodwill in the market.  Accordingly, in light of all these facts, the Aspen/Snowmass Marks are extremely valuable to Plaintiff.

16.    Over the past 70 years, Plaintiff has invested millions of dollars in advertising and marketing to promote the Aspen/Snowmass Marks.  As part of its brand investments, Plaintiff advertises its goods and services through television, radio, newspaper, print and digital media, websites, and social media sites nationwide.

## BACKGROUND FACTS

17.    Defendant owns and operates a retail store under the name "Aspen T-Shirt Company" at 407 E. Hyman Avenue, Aspen, Colorado, 81611.

18.    Defendant owns and operates a retail store under the name "Art Tee Gallery" at 401 E. Hyman Avenue, Aspen, Colorado, 81611.

19.    Defendant owns and operates a retail store under the name "Generation Aspen" at 555 E. Durant Avenue, Aspen, Colorado, 81611.

20.    Defendant owns and operates a retail store under the name "Snowmass Trading Company" at 45 Snowmass Mall, Snowmass Village Mall, Colorado, 81615.

21.    Defendant owns and operates a retail store under the name "Snowmass Trading T-Shirt Company" at 14 Gateway Building, Snowmass Village Mall, Colorado, 81615.

22.    At these retail stores, Defendant sells and/or offers for sale various goods,

including apparel.

23.     On November 15, 2006, Plaintiff granted Defendant a nonexclusive license to use certain Aspen/Snowmass Marks in connection with the sale and offering for sale of Defendant's apparel (the "License Agreement").

24.     In the License Agreement, Defendant acknowledged Plaintiff's exclusive right, title, and interest in and to the licensed Aspen/Snowmass Marks.

25.     During the term of the License, Defendant sold apparel bearing the licensed Aspen/Snowmass Marks.

26.     Pursuant to the terms of the License Agreement, Defendant's license to use Aspen/Snowmass Marks terminated.

27.     It subsequently came to Plaintiff's attention that Defendant continued to sell goods bearing one or more of the Aspen/Snowmass Marks without permission.

28.     On September 5, 2017, Plaintiff contacted Defendant regarding its unauthorized use of Aspen/Snowmass Marks, requested that Defendant provide an accounting of Defendant's inventory bearing Aspen/Snowmass Marks, and requested that Defendant appropriately compensate Plaintiff for Defendant's unauthorized trademark use.  *See* Exhibit B.

29.     On November 28, 2017, the Parties executed a sell-off agreement pursuant to which Defendants agreed to sell off any inventory bearing Aspen/Snowmass Marks by May 31, 2018 and pay Plaintiff past and current royalties (the "Sell-Off Agreement").

## DEFENDANT'S UNLAWFUL ACTS

30.     Within months of executing the Sell-Off Agreement, Defendant began

selling and/or offering for sale apparel bearing the following design:



(the "Infringing Design").

31.     A non-exhaustive, illustrative list of examples of apparel offered for sale by

Defendant bearing the Infringing Design is attached as Exhibit C, which is incorporated

by reference.

32.     Defendant does not have Plaintiff's authorization to use the

Aspen/Snowmass Marks or any mark confusingly similar to the Aspen/Snowmass

Marks, including the Infringing Design.

33.     The goods sold and offered by Defendant bearing the Infringing Design

are not manufactured by Plaintiff or by any party with Plaintiff's authority to use the

Aspen/Snowmass Marks.

34.     Defendant competes with Plaintiff regarding the promotion, offering, and

sale of apparel and other merchandise.

35.     Defendant's goods are in some cases identical to, and in other cases

closely related to or overlapping with, Plaintiff's goods and services.

36.     Defendant markets, advertises, and sells its goods in manners and

channels of trade that are in some cases identical to, and in other cases closely related

to or overlapping with, Plaintiff's marketing and channels of trade.

37.     Defendant was aware of Plaintiff's rights in the Aspen/Snowmass Marks prior to selling the unauthorized goods and previously acknowledged Plaintiff's exclusive right, title, and interest in and to the Aspen/Snowmass Marks.

38.     Plaintiff has notified Defendant of Plaintiff's rights and requested that Defendant cease marketing, advertising, offering and selling the unauthorized goods.

39.     Defendant continues to market, advertise, offer and sell the unauthorized goods.

40.     Upon information and belief, Defendant deliberately choses to sell unauthorized goods bearing the Infringing Design in order to trade on Plaintiff's goodwill.  Upon information and belief, Defendant continues to offer and sell unauthorized goods in bad faith and with a willful disregard for Plaintiff's rights.

41.     Defendant's unauthorized use of the Infringing Design is likely to create confusion with Plaintiff and the Aspen/Snowmass Marks as to the source of Defendant's goods, and creates the impression that Defendant is somehow related to, connected, associated, or affiliated with, or endorsed by Plaintiff when it is not.

42.     On information and belief, Plaintiff has been injured in the course of its business as a result of Defendant's use of the Infringing Design in the form of actual consumer confusion or loss of goodwill.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)

43.     The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

44.     Defendant's unauthorized use of the Infringing Design in connection with

apparel is likely to create confusion with Plaintiff and its use of its Aspen/Snowmass Marks.

45.    The continued use of the Infringing Design by Defendant is likely to cause confusion or mistake, or to deceive consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods and services provided by Defendant, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendant is affiliated with, sponsored, approved, or otherwise associated with Plaintiff.  Likelihood of confusion is established by, among other things, the visual similarity of the relevant marks as shown below:

 

 

46.    The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be proven at trial.

47.    The conduct complained of herein constitutes a violation of 15 U.S.C. § 1114, and has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
**(False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

48.     The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

49.     The use of the Infringing Design in connection with the offering, advertising, promoting, and provision of Defendant's goods and services is likely to cause confusion or mistake, or to deceive relevant consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods and services provided by Defendant, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendant is affiliated with, sponsored, approved, or otherwise associated with Plaintiff.

50.     The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be determined at trial.

51.     On information and belief, Defendant did the aforesaid acts with knowledge and in willful disregard of Plaintiff's rights therein.

52.     The conduct complained of herein constitutes a violation of 15 U.S.C. § 1125(a), and has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement)**

53.     The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

54.     The use of the Infringing Design in connection with the offering, advertising, promotion, and/or provision of Defendant's goods is likely to cause confusion, mistake, and/or deception of relevant consumers and prospective consumers.

55.     The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be determined at trial.

56.     The conduct complained of herein has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

57.     On information and belief, the aforesaid conduct was undertaken willfully with full knowledge Plaintiff's use of the Aspen/Snowmass Marks and with the intention of causing confusion, mistake, or deception.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

58.     The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

59.     On information and belief, Defendant's goods have been advertised, promoted, offered, and/or sold in the State of Colorado using the Infringing Design with full knowledge of Plaintiff's rights in connection with the same or closely-related goods and services.

60.     Defendant has unfairly competed with Plaintiff by creating the impression among relevant consumers that the goods and services offered by Defendant are licensed by, sponsored by, originated with, and/or are otherwise affiliated with those of

Plaintiff, or that the source of the goods and services offered and sold by Defendant is affiliated with or associated with Plaintiff, when Defendant's goods and services have no connection with or authorization from Plaintiff.

61.     Defendant has misappropriated Plaintiff's valuable goodwill and public recognition of the Aspen/Snowmass Marks, which has been developed over a long period of time by Plaintiff, and Defendant has unlawfully benefited and been unjustly enriched by such activities.

62.     Continued use by Defendant of the Infringing Design in connection with apparel constitutes unfair competition under the common law of the State of Colorado.

63.     This use has injured Plaintiff's business reputation and will cause irreparable harm, damage, and injury to Plaintiff unless restrained or enjoined by the Court.

## FIFTH CLAIM FOR RELIEF
### (Colorado Consumer Protection Act)

64.     The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

65.     Defendant's activities described herein constitute unfair competition and unfair or deceptive acts and practices in the conduct of its trade and business in violation of C.R.S. § 6-1-101, et seq., including but not limited to § 105(a)(b) and (c).

66.     These activities significantly impact the public because Defendant's goods and services are widely advertised and promoted and are directed specifically to Colorado consumers.

67.     Plaintiff has been injured in the course of its business as a result of the

deceptive trade practices in the form of actual confusion, likely consumer confusion, and/or loss of goodwill.

68.     On information and belief, Defendant's wrongful and deceptive activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation, and goodwill in the Aspen/Snowmass Marks for which Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment)

69.     The allegations of all prior paragraphs are incorporated by reference as though fully set forth herein.

70.     As a result of Defendant's infringing activities, Defendant has been unjustly enriched at Plaintiff's detriment and expense.  The unauthorized use of the Infringing Design conferred a monetary benefit upon Defendant and Defendant received and had knowledge of such monetary benefit; Defendant voluntary realized and retained such benefit and the circumstances are as such that it would be inequitable to allow Defendant to retain such monetary benefit and principals of equity and good conscience require that Defendant makes restitution to Plaintiff for damages related thereto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order from this Court:

A.  Preliminarily and permanently enjoining Defendant, and its directors, officers,

14

agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them from (i) any further infringement of the Aspen/Snowmass Marks and (ii) unfairly competing with Plaintiff;

B.  Directing Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty days or entry of final judgment, any and all infringing materials, including but not limited to, marketing materials, print advertisements, product packaging, and apparel used by or in Defendant's possession that display: (1) the Infringing Design; (2) any other mark that is confusingly similar to the Aspen/Snowmass Marks; and/or (3) the Aspen/Snowmass Marks;

C.  For an award of Defendant's profits and Plaintiff's damages in an amount to be determined at trial for trademark infringement under 15 U.S.C. § 1114(a);

D.  For an award of Defendant's profits and Plaintiff's damages in an amount to be determined at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

E.  For statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

F.  For an award of an amount sufficient for Plaintiff to conduct a corrective advertising campaign to dispel the effects of Defendant's wrongful conduct and confusing and misleading advertising;

G.  For damages resulting from price erosion;

H.  For an award of costs incurred by Plaintiff in this action;

I.  Trebling the amount of the award to deter in the future Defendant's willful,

intentional, and bad faith conduct;

J.   For an award of attorneys' fees, costs, and disbursements incurred in this action based on Defendant's willful, intentional, and bad faith conduct; and

K.   Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: August 23, 2018

SWANSON & BRATSCHUN, LLC

By:  */s/ Ian L. Saffer*
Ian L. Saffer
Kathryn L. Bohmann
8210 Southpark Terrace
Littleton, CO 80120
Telephone: (303) 268-0066
Facsimile: (303) 268-0065
E-mail: isaffer@sbiplaw.com
Email: kbohmann@sbiplaw.com

Attorneys for Plaintiff